**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1911**

———————

CRISTINA RADI,

    Plaintiff - Appellant,

  v.

KATHLEEN SEBELIUS, Secretary, United States Department of
Health and Human Services,

    Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:09-
cv-02089-RWT)

———————

ARGUED:  May 10, 2011     Decided:  June 3, 2011

———————

Before TRAXLER, Chief Judge, and AGEE and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Alan Lescht, Washington, D.C., for Appellant.  Neil R.
White, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland,
for Appellee.  **ON BRIEF:** Rod J. Rosenstein, United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cristina Radi, a federal employee, appeals from the district court's order denying her motion for additional discovery under Rule 56 of the Federal Rules of Civil Procedure. We affirm.

I.

Radi, who is Vietnamese, worked in the Department of Health and Human Services as an information technology specialist. Radi filed an internal EEO complaint in February 2009, asserting a race- and national-origin-based hostile-environment claim and a retaliation claim, and she commenced this action in federal district court in August 2009. On February 5, 2010, the government filed a motion asking the court to dismiss the case or, alternatively, to grant summary judgment. Radi responded to that motion on February 14, 2010, supporting her response with her own 9-page affidavit. Radi did not argue in her response that she was unable to present the facts needed to oppose summary judgment or otherwise suggest that formal discovery was necessary for her to properly respond to the summary judgment motion. Instead, Radi argued that the evidence before the court was sufficient to defeat the government's motion for summary judgment.

In May 2010, Radi, through her new attorney, filed an amended complaint. On May 26, 2010, counsel filed an affidavit, see Fed. R. Civ. P. 56(f) (2009), seeking discovery in order to

2

respond to the government's summary judgment motion. The district court concluded that Radi's Rule 56(f) affidavit came too late and failed to describe with particularity the evidence that Radi sought to discover or explain why Radi had been unable to obtain the necessary evidence. The court therefore denied Radi's motion for discovery and proceeded to grant summary judgment in favor of the government. Radi appeals, challenging only the district court's denial of her Rule 56(f) request.

## II.

At the time of the district court's ruling,[*] Rule 56(f) provided that "[i]f a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the district court could deny summary judgment or order a continuance to permit the opposing party time to conduct discovery or obtain affidavits. Fed. R. Civ. P. 56(f) (2009). A Rule 56(f) affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain. See Trask v. Franco, 446

---

[*] Rule 56 was amended effective December 1, 2010; the amendments moved (without making material change) the substance of subsection (f) to subsection (d).

3

F.3d 1036, 1042 (10th Cir. 2006) ("A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." (internal quotation marks and alteration omitted)); Pine Ridge Coal Co. v. Local 8377, 187 F.3d 415, 421 (4th Cir. 1999) ("Rule 56(f) . . . allows a party to seek additional time to obtain evidence as long as he can present an affidavit putting forth the reasons why he is unable to present the necessary opposing material." (internal quotation marks omitted)); Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (explaining that a Rule 56(f) affidavit must "particularly specif[y] legitimate needs for further discovery").

In the affidavit seeking discovery, counsel for Radi stated that discovery was required to determine whether there were similarly situated employees outside Radi's protected class who were treated more favorably than she was; to obtain evidence corroborating Radi's claim of a causal connection between her termination and her prior protected activity; and to obtain evidence of pretext. Notwithstanding Radi's access to the administrative record -- a record that included numerous documents and affidavits produced in the course of the agency's investigation of Radi's complaint, Radi's Rule 56(f) affidavit did

4

not name any witnesses to be deposed or otherwise identify with any specificity the hoped-for evidence, nor did the affidavit explain why Radi had been unable to obtain affidavits addressing the perceived deficiencies in her proof.

While we do not suggest that the existence of an administrative investigation and record automatically precludes the need for discovery, the administrative record at the very least should have enabled Radi to produce an affidavit sufficiently detailed to meet the requirements of Rule 56(f). Under these circumstances, we simply cannot conclude that the district court abused its discretion by denying Radi's Rule 56(f) motion. See Nader v. Blair, 549 F.3d 953, 958-59 (4th Cir. 2008) (explaining that the denial of a Rule 56(f) motion is reviewed for abuse of discretion); Cardinal v. Metrish, 564 F.3d 794, 797–98 (6th Cir. 2009) ("If the plaintiff makes only general and conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the district court to deny the request."), cert. denied, 78 U.S.L.W. 3065 (2011).

Accordingly, we hereby affirm the district court's denial of Radi's motion for discovery under Rule 56(f).


AFFIRMED

5